# THE ATTORNEY GENERAL
# OF TEXAS
GERALD C. MANN      AUSTIN 11, TEXAS
XXXIXXXXXXXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL


Honorable Thos. A. Wheat
County Attorney
Liberty County
Liberty, Texas

Dear Sir:            Opinion No. 0-920
                   Re: Is a merchant, selling dry goods
                      from a store on one side of the
                      street and furniture, various house-
                      hold appliances, and some dry goods
                      from a store on the other side of
                      the street because of lack of fac-
                      ilities to carry on the business in
                      one store, but maintaining one set
                      of books and using the same name
                      for both stores, operating a two-
                      store chain so as to be liable for
                      the license fee thereon levied by
                      Article 1111D, Penal Code?

        Inasmuch as the above question, submitted by your
letter of June 2, 1939, turns largely upon a question of fact,
we quote fully from your letter as follows:

      "The question has arisen in this County with
regard to a particular instance as to whether or not
a man who operates a store under one name on one
side of the street in an oil field town, to-wit,
Daisetta, Liberty County, Texas, and in that store
sells dry goods and he operates a second store on
the other side of the street in which he sells fur-
niture and various household appliances and some
goods under the same name that he operates the first
store under and the reason why he doesn't have both
stores under the same roof and in the same building
because he cannot obtain space in the same building
or an adjoining building to put the furniture and
fixture store in, would be subject and required to
pay a license fee for two stores instead of one store
under Article 1111D of the Penal Code, as passed by
the Acts of 1935, 44th Legislature First Called Session,
found at page 422 of Volume 2 of Vernon's Annotated
Statutes.

****

"It is my argument that where a man has to put his wares in one particular building because of necessitous circumstances, which circumstances are beyond his control and he would have them under the same roof and in the same building, if possible, but he has to place the rest of his wares as near to his main store as possible, and he has made them one establishment, and as a matter of fact they are treated by him as one store and operated as one store and he keeps one set of books on both establishments that he comes within the purview of Article 1111D and he is only maintaining one store."

****

We have carefully considered the citations to Words and Phrases furnished in your letter, but we do not find that the judicial definitions of the word "store" therein given, are of assistance in arriving at a correct conclusion. This is because your question turns upon a statutory definition of the term "store" rather than upon the common acceptation of the term, and the Supreme Court of Texas in Hurt, et al vs. Cooper, et al, 110 S. W. (2d) 896, with referende to such definition, said:

"The statute having defined the word, we are not concerned with its usual meaning. Under that definition a mercantile establishment at which goods, wares, or merchandise of any kind, except those exempted, are sold is a store and is taxable as such, and this even though it may also be a distributing point. Conversely, a mercantile establishment at which no sales are made is not a store, and therefore not taxable. The test is whether the sales of goods, wares, or merchandise are made at the place."

Section 7, Article 1111D, Penal Code, defines "store" as follows:

"The term 'store' as used in this Act shall be construed to mean and include any store or stores or any mercantile establishment or establishments not specifically exempted within this Act which are owned, operated, maintained, or controlled by the same person, agent, receiver, trustee, firm, corporation, copartnership or association, either domestic or foreign, in which goods, wares or merchandise of any kind are sold, at retail or wholesale."

Applying the foregoing definition to the facts set out in your letter, as we are constrained to do by the deci-

sion of the Supreme Court in the case of Hurt vs. Cooper, supra, it is our conclusion that the merchant in question was owning, operating, maintaining or controlling a two-store chain in Daisetta, Liberty County, Texas, so as to become liable for the license fee fixed and provided by subdivision 2, section 5, Article 1111D, Penal Code. It will be noted that the term "store," as used in this tax measure, is defined by Section 7 thereof, hereinabove quoted, to include "any store or stores or any mercantile establishment or establishments," which are "owned, operated, maintained or controlled by the same person" etc., and in or from which "goods, wares or merchandise of any kind are sold, at retail or wholesale." We find that all of the constituent elements of a "store," as laid down by the statute, concur in the instant case. We have two entirely separate places, buildings or mercantile establishments on different sides of the street, from which goods, wares or merchandise of some kind are sold, at retail or wholesale, and which are admittedly under the same ownership and operation.

The fact that the exigencies of the situation, or the lack of suitable or ample building facilities in the business section of Daisetta made it necessary or expedient for the merchant in question to conduct his business from two separate store buildings rather than from one, is an irrelevent consideration entirely beyond the statute. To allow the incidence of a tax to be avoided by such personal considerations and mental reservations of a taxpayer, would amount to the virtual abrogation of such tax measure, at the will of such taxpayer.

The further fact appearing in your letter that the merchant in question treated these two establishments or places as one store, operating them under one name and keeping one set of books, does not, to our mind, support his contention that he is owning and operating only one store, but rather strengthens our conclusion herein of his common ownership, operation, or control of two stores or mercantile establishments, as defined, so as to be liable to the license fee levied by subdivision 2, of Article 1111D, Penal Code.

Thanking you for your brief and trusting the foregoing satisfactorily answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS


By s/Pat M. Neff, Jr.
(signed) Pat M. Neff, Jr.
                    Assistant

PMN:N


APPROVED JUNE 23, 1939
(Signed) Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By B. W. Chairman